Remsburg v. Docusearch et al.          CV-00-211-B    01/31/02
                   UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE


Helen Remsburg, Administrator
of the Estate of Amy Lynn Boyer

       v.                                Civil No. 00-211-B
                                         2002 DNH 035
Docusearch, Inc., et al.


                     MEMORANDUM AND ORDER


     Helen Remsburg, administrator of the estate of her daughter,

Amy Lynn Boyer, has sued defendants Docusearch, Inc., Wing and a

Prayer, Inc., Daniel Cohn, Kenneth Zeiss and Michele Gambino for

wrongful death; invasion of privacy through intrusion upon

seclusion; invasion of privacy through commercial appropriation

of private information; violation of the federal Fair Credit

Reporting Act, 15 U.S.C. § 1681a et seq.; and violation of the

New Hampshire Consumer Protection Statute, N.H. R.S.A. § 358-A:1

et seq. Defendants Docusearch, Inc., and Wing and a Prayer,

Inc., move to dismiss for lack of personal jurisdiction pursuant

to Fed. R. Civ. P. 12(b)(2). For the reasons that follow, I deny

the motion.

# I.  BACKGROUND[1]

Docusearch, Inc., and Wing and a Prayer, Inc., jointly own and operate an internet-based investigation and information service known as "docusearch.com," which has an office located in Boca Raton, Florida.  Both companies are jointly owned by Cohn and Zeiss, with each holding 50% of each company's stock.  Cohn serves as the president of both corporations and Zeiss serves as a director for Wing and a Prayer, Inc.[2]  Cohn and Zeiss at one point operated Docusearch from a condominium in Boca Raton where they both resided.  Currently, Zeiss works for Docusearch in Boca Raton but Cohn lives and works for Docusearch in Ashburn, Virginia.

Docusearch conducts its business primarily through its interactive website, where clients can place orders for information about third parties and pay for their requests with a

---

[1] The background facts are drawn from the parties' evidentiary submissions and are considered in the light most favorable to the plaintiffs.  See Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995).

[2] Docusearch, Inc., and Wing and a Prayer, Inc., are indistinguishable for jurisdictional purposes.  Therefore, I refer to them, as well as the website they operate, collectively as "Docusearch."

credit card. Docusearch is incorporated in Florida, and Cohn is licensed as a private investigator by both the State of Florida and Palm Beach County, Florida. Neither Docusearch nor its employees are licensed or registered to do business in any other state.

On July 29, 1999, New Hampshire resident Liam Youens contacted Docusearch through its internet website and requested the date of birth for Amy Lynn Boyer, another New Hampshire resident. Youens gave Docusearch his name, New Hampshire address and telephone number. Youens also paid Docusearch's $20 fee by Mastercard. Zeiss placed a telephone call to Youens in New Hampshire that day. Zeiss cannot recall the reason for the phone call, but speculates that it was to verify Youens' order. The next day, July 30, 1999, Docusearch provided Youens with the birthdates for several Amy Boyers, but none were for the Amy Boyer that Youens had in mind. In response, Youens sent Docusearch another email asking if Docusearch could obtain better results if it used Boyer's home address, which he provided.

Later that day, Youens contacted Docusearch and placed an order for Boyer's social security number, paying Docusearch's $45 fee by Mastercard. On August 2, 1999, Docusearch provided Youens

with Boyer's social security number.  The next day, Youens placed an order with Docusearch for Boyer's employment information, paying the $109 fee by Mastercard.  Phone records reveal that Zeiss placed a second phone call to Youens on August 6, 1999.  The phone call lasted for less than a minute, and no record exists concerning its topic.  On August 20, 1999, having received no response to his latest request, Youens placed another request for Boyer's employment information, again paying the $109 fee by Mastercard.  On September 1, 1999, Docusearch refunded Youens' first $109 payment because its effort to obtain Boyer's employment information had failed.

With his second request for Boyer's employment information pending, Youens placed yet another order for information with Docusearch on September 6, 1999.  This time, he requested a "locate by social security number" search for Boyer.  Youens paid the $30 fee by Mastercard, and received the results of the search - Boyer's Nashua, New Hampshire home address - on September 7, 1999.

On September 8, 1999, Docusearch informed Youens that Boyer worked for Dr. John Bednar at 5 Main Street, Nashua, New Hampshire.  Docusearch acquired Boyer's business address through

a subcontractor, Michele Gambino. Gambino, in turn, obtained the information by placing a "pretext" telephone call to Boyer in New Hampshire. Gambino lied about who she was and the purpose of her call in order to convince Boyer to reveal her employment information.

On October 15, 1999, Youens drove to Boyer's workplace and fatally shot her as she left work. Youens then shot himself in the head and died immediately. Remsburg has brought this suit against Docusearch under the theory that Docusearch negligently provided Youens with information that enabled him to find and kill Boyer. Docusearch moves to dismiss on the ground that this court lacks personal jurisdiction.

## II. STANDARD OF REVIEW

When a defendant contests personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of showing that a basis for asserting jurisdiction exists. See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n., 142 F.3d 26, 34 (1st Cir. 1998); Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 83 (1st Cir. 1997). Because I have not held an evidentiary hearing, Remsburg need only make a prima facie showing that the court has

personal jurisdiction over the defendants. See Sawtelle v. Farrell, 70 F.3d 1381, 1386 n.1 (1st Cir. 1995) (citing United Elec. Radio and Mach. Workers of Am. (UE) v. 163 Pleasant St. Corp., 987 F.2d 39, 43 (1st Cir. 1993) [hereinafter Pleasant St. II]).

To make a prima facie showing of jurisdiction, Remsburg may not rest on the pleadings. Rather, she must "adduce evidence of specific facts" that support her jurisdictional claim. Foster-Miller, 46 F.3d at 145; Pleasant St. II, 987 F.2d at 44. I take the facts offered by the plaintiff as true and construe them in the light most favorable to the plaintiff's claim. See Mass. Sch. of Law, 142 F.3d at 34; Foster-Miller, 46 F.3d at 145. I do not act as a fact-finder; instead, I determine "whether the facts duly proffered, [when] fully credited, support the exercise of personal jurisdiction." Rodriguez, 115 F.3d at 84 (citing Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992)).

While the prima facie standard is liberal, I need not "'credit conclusory allegations or draw farfetched inferences.'" Mass. Sch. of Law, 142 F.3d at 34 (quoting Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994)). I also consider facts offered by the defendant, but only to the extent

that they are uncontradicted.  See id.

When assessing personal jurisdiction over a non-resident defendant in a diversity of citizenship case, "a federal court exercising diversity jurisdiction 'is the functional equivalent of a state court sitting in the forum state.'"  Sawtelle, 70 F.3d at 1387 (quoting Ticketmaster, 26 F.3d at 204).  Accordingly, I must determine whether an exercise of jurisdiction is proper under both the New Hampshire long-arm statute and the due process requirements of the federal constitution.  See id.; Foster-Miller, 46 F.3d at 144.  The New Hampshire long-arm statute, which permits the exercise of personal jurisdiction over a defendant who "transacts any business within [the] State" or "commits a tortious act within [the] State," N.H. Rev. Stat. Ann. § 510:4, I (Supp. 1994), is coextensive with the federal due process standard.[3]  See Phelps v. Kingston, 130 N.H. 166, 171

_____

[3]  Remsburg alternatively claims that the court has federal question jurisdiction over her Federal Credit Reporting Act claim and supplemental jurisdiction over her state law claims. Personal jurisdiction in a federal question case is governed by the Fifth Amendment's due process clause rather than by its Fourteenth Amendment counterpart.  United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001).  Under the Fifth Amendment, "a plaintiff need only show that the defendant has adequate contacts with the United States as a whole, rather than with a particular state."  Id.  In a case such as this, however,

(1987).  Therefore, I proceed directly to the constitutional due process analysis.

## III.  <u>Analysis</u>

The Due Process Clause precludes a court from asserting jurisdiction over a defendant unless "the defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980).  Because the constitutional inquiry is founded on "'traditional conception[s] of fair play and substantial justice,'" <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 464 (1985) (quoting <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 320 (1945)) (alteration in

---

where the federal question arises under a statute that does not provide for nationwide service of process, Rule 4(e) of the Federal Rules of Civil Procedure requires a court to also look to the forum state's long-arm statute to determine the existence of personal jurisdiction.  <u>See</u> <u>United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.</u>, 960 F.2d 1080, 1086 (1st Cir. 1992); <u>Sculptchair, Inc. v. Century Arts, Ltd.</u>, 94 F.3d 623, 626-27 (11th Cir. 1996).  Because, as I have noted, New Hampshire's long-arm statute is co-extensive with the Fourteenth Amendment's due process standard, the personal jurisdiction analysis is the same in this case regardless of whether the court's subject matter jurisdiction rests on federal question jurisdiction or diversity jurisdiction.

original), determining personal jurisdiction has always been "more an art than a science," Ticketmaster, 26 F.3d at 206 (quoting Donatelli v. Nat'l Hockey League, 893 F.2d 459, 468 n.7 (1st Cir. 1990)).

The "constitutional touchstone" for personal jurisdiction is "whether the defendant purposefully established 'minimum contacts' in the forum State." Burger King, 471 U.S. at 474 (citing Int'l Shoe, 326 U.S. at 316); see also Sawtelle, 70 F.3d at 1388. The inquiry into "minimum contacts" is necessarily fact-specific, "involving an individualized assessment and factual analysis of the precise mix of contacts that characterize each case." Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994). A defendant cannot be subjected to a forum state's jurisdiction based solely on "random," "fortuitous," or "attenuated" contacts. Burger King, 471 U.S. at 475 (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984); World-Wide Volkswagen, 444 U.S. at 299) (internal quotation marks omitted). Rather, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. (quoting Hanson v.

<u>Denckla</u>, 357 U.S. 235, 253 (1958)).

A court may assert authority over a defendant by means of either general or specific jurisdiction.  <u>See</u> <u>Mass. Sch. of Law</u>, 142 F.3d at 34 (citing <u>Donatelli</u>, 893 F.2d at 462-63); <u>Foster-Miller</u>, 46 F.3d at 144.  A defendant who has engaged in continuous and systematic activity in a forum is subject to general jurisdiction in that forum with respect to all causes of action, even those unrelated to the defendant's forum-based activities.  <u>See</u> <u>Phillips Exeter Acad. v. Howard Phillips Fund, Inc.</u>, 196 F.3d 284, 288 (1st Cir. 1999) (citing <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 (1984); <u>Donatelli</u>, 893 F.2d at 462-63).  A court may exercise specific jurisdiction, by contrast, only when the cause of action arises from, or relates to, the defendant's contacts with the forum.  <u>See</u> <u>id.</u>; <u>Pritzker</u>, 42 F.3d at 60.  Here, I evaluate Remsburg's claim that the court has specific personal jurisdiction.

The First Circuit has developed a three-part test for determining whether an exercise of specific jurisdiction is consistent with due process.  The analysis consists of an inquiry into (1) relatedness, (2) purposeful availment, and (3) reasonableness.  <u>See</u> <u>Mass. Sch. of Law</u>, 142 F.3d at 35; <u>Nowak v.</u>

<u>Tak How Invs., Ltd.</u>, 94 F.3d 708, 712-13 (1st Cir. 1996), <u>cert. denied</u>, 520 U.S. 1155 (1997).  An affirmative finding on each of these three components is required to support an assertion of specific jurisdiction.  <u>See</u> <u>Phillips Exeter</u>, 196 F.3d at 288.

## 1. **Relatedness**

The relatedness requirement dictates that a sufficient nexus exist between the defendant's contacts with the forum and the plaintiff's causes of action.  <u>See</u> <u>id.</u>; <u>Mass. Sch. of Law</u>, 142 F.3d at 35.  With respect to tort claims, the First Circuit has determined that relatedness in most instances requires a showing that defendant's forum contacts are both a cause in fact and a legal cause of the plaintiff's injuries.  <u>See</u> <u>Mass. Sch. of Law</u>, 142 F.3d at 35.  Although the court has not explicitly applied the relatedness requirement to statutory claims such as Remsburg's claims under the Fair Credit Reporting Act and the New Hampshire Consumer Protection Act, I conclude that a showing of both cause in fact and legal cause will also satisfy the relatedness requirement with respect to Remsburg's statutory claims.

Remsburg argues that Docusearch's acquisition of Boyer's business address through a pretext call placed to Boyer in New

Hampshire and its transmission of that address to Youens in this state are causes in fact of Boyer's death because Youens needed to know where Boyer worked to complete his plan to kill her. Remsburg supports her argument by averring that Youens feared stalking Boyer at her home and could not follow her as she moved about in her day-to-day life because he had limited access to a vehicle. Thus, she argues, Youens needed to know where Boyer worked so that he could arrange to confront her away from her home. Construing these averments in the light most favorable to Remsburg's jurisdictional claim, as I must at this stage of the proceedings, they are sufficient to support her argument that Docusearch's contacts with New Hampshire were a cause in fact of Boyer's death.

Remsburg has also pleaded sufficient facts to support her assertion that Docusearch's New Hampshire contacts were a legal cause of Boyer's death. In addition to the above-described averments, Remsburg asserts that Docusearch was aware of the fact that the information it provided Youens could be misused to stalk and possibly harm the subject of his inquiries. Thus, assuming without deciding that Remsburg has asserted viable causes of

action,[4] she has alleged sufficient facts to support a conclusion that Docusearch's New Hampshire contacts are both a factual and a legal cause of the injuries on which Remsburg's claims are based. Therefore, she has satisfied the relatedness requirement.

## 2. **Purposeful Availment**

I next must determine whether Docusearch purposefully availed itself of the privilege of conducting business in New Hampshire.  In doing so, I focus "on whether a defendant has 'engaged in any purposeful activity related to the forum that would make the exercise of jurisdiction fair, just, or reasonable.'"  Sawtelle, 70 F.3d at 1391 (citing Rush v. Savchuk, 444 U.S. 320, 329 (1980)).  The factors I consider when making that determination are voluntariness and foreseeability.  See id.

Voluntariness reflects the willingness with which a defendant engages in activity in the forum.  See Ticketmaster, 26 F.3d at 207-08 (citing Burger King, 471 U.S. at 475 (cautioning that jurisdiction may not rest on the "unilateral activity of another party or a third person")).  Here, Docusearch certainly

---

[4]  I take no position as to whether Remsburg has stated viable causes of action under state and federal law.  Instead, I merely determine that if any of her causes of action are viable, the court has personal jurisdiction to resolve them.

acted voluntarily by responding to Youens' five separate New Hampshire-based requests for information about Boyer.  Although Youens initiated the contacts, Docusearch eagerly set about fulfilling his orders knowing that Youens was based in New Hampshire and that the subject of his inquiries was also a New Hampshire resident.  Docusearch thus cannot claim that it was involuntarily drawn into New Hampshire through some act of deception or coercion by Youens.

Courts also must consider the next factor, foreseeability, because "a defendant's 'conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there.'" Ticketmaster, 26 F.3d at 207 (citing World-Wide Volkswagen, 444 U.S. at 297) (alteration in original). When accepting and fulfilling Youens' requests for information, Docusearch knew that it was selling a New Hampshire client information about another New Hampshire resident.  Docusearch established a significant business relationship with Youens, which included accepting five separate orders from him, with fees totaling $313.[5]  Docusearch's conduct in fulfilling Youens

_____

[5] Youens paid Docusearch $20 to search for Boyer's birthdate; $45 to search for Boyer's social security number; $109

-14-

requests, including placing phone calls to Youens and Boyer in New Hampshire, is enough to support Remsburg's claim that Docusearch should reasonably have anticipated being sued in New Hampshire. See Nowak, 94 F.3d at 717 (finding that "where the defendant purposefully derives economic benefits from its forum-state activities" it should foresee being haled into that forum-state's court).

### 3. Reasonableness

Although Remsburg has satisfied both the relatedness and the purposeful availment requirements, I must still consider the final portion of the three-part test, reasonableness. The Supreme Court has identified five factors to consider when analyzing the fairness of subjecting a nonresident to a court's jurisdiction. See Sawtelle, 70 F.3d at 1394. Known as the "gestalt factors," they include: "(1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and

---

to find Boyer's workplace information; another $109 to search again for Boyer's workplace information; and $30 to perform a "locate by social security number" search on Boyer. Docusearch refunded Youens' first $109 payment when its first attempt to find Boyer's workplace information failed.

effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies." Id. (citing Burger King, 471 U.S. at 477).

a. Defendant's Burden of Appearance

Docusearch is based in Florida, and its corporate officers live in Florida and Virginia. Certainly, litigating in Florida would be easier for Docusearch, but the mere inconvenience that litigating in a foreign jurisdiction presents is not sufficient to make this factor meaningful. A defendant must "demonstrate a special or unusual burden" before this factor weighs against jurisdiction. Sawtelle, 70 F.3d at 1395. Here, Docusearch has not made such a demonstration.

b. The Forum State's Adjudicatory Interest

The First Circuit has explained that "[t]he purpose of [this] inquiry is not to *compare* the forum's interest to that of some other jurisdiction, but to determine the extent to which the forum *has* an interest." Sawtelle, 70 F.3d at 1395 (citing Foster-Miller, 46 F.3d at 151) (alteration and emphasis in original). A state has a demonstrable interest in exercising jurisdiction over one who causes tortious injury within its

borders. Ticketmaster, 26 F.3d at 211. Here, one New Hampshire resident murdered another New Hampshire resident in New Hampshire. Remsburg argues that Docusearch's conduct was a substantial contributing factor in the murder. Given the gravity of this allegation, New Hampshire's adjudicatory interest weighs in favor of jurisdiction.

c. Plaintiff's Interest in Obtaining Convenient Relief

"[A] plaintiff's choice of forum must be accorded a degree of deference with respect to the issue of its own convenience." Sawtelle, 70 F.3d at 1395. Here, it would be more convenient for Remsburg to litigate in New Hampshire than in Florida.

d. The Administration of Justice

Often, courts conclude that this factor does not weigh in either direction. See id. at 1395 (citing Ticketmaster, 26 F.3d at 211). However, in this case, discovery is underway and many filings have been made in this court. Therefore, the most efficient manner of resolving this case would be for this court to retain jurisdiction.

e. Pertinent Policy Arguments

Analysis of this final factor entails considering "the common interests of all sovereigns in promoting substantive

-17-

social policies.  Here, the most prominent policy implicated is the ability of a state to provide a convenient forum for its residents to redress injuries inflicted by out-of-forum actors." Id.  (citing Burger King, 471 U.S. at 473).  The injury alleged in this case is directly linked to the important substantive social issue of privacy.  A New Hampshire resident has been murdered, and the allegation has been made that negligence and invasion of the murder victim's privacy by an out-of-state actor were substantial causes in that murder.

The overall effect of the gestalt factors weighs in favor jurisdiction.  Because the requirements of relatedness and purposeful availment are also satisfied, I conclude that Docusearch is subject to specific jurisdiction in this court.


## IV.  CONCLUSION

I deny Docusearch's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) (Doc. No. 7).

SO ORDERED.


                          _____
                          Paul Barbadoro
                          Chief Judge
January 31, 2002

cc: David M. Gottesman, Esq.
    Dona Feeney, Esq.
    Carol L. Hess, Esq.
    Michael J. Iacopino, Esq.
    Steven B. Ross, Esq.